FILED _____ ENTERED
LODGED _____ RECEIVED

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

OCT 0 8 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEP

| | | |
|---|---|---|
| WALTER HENNING, #327-391 | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. GJH-14-3040 |
| SOLOMON HEJIRIKA, SR., WARDEN | * | |
| CHIEF MEDICAL OFFICER AT MTC | | |
| E. VALENTINE, CORRECTIONAL | * | |
| COUNSELOR/JOB COORDINATOR | | |
| Defendants | * | |

## MEMORANDUM OPINION

Walter Henning, a Maryland Division of Correction prisoner housed at Metropolitan Transition Center ("MTC"), has filed a self-represented civil rights action seeking unspecific damages against prison staff.

Henning does not specify how Solomon Hejirika, MTC's Warden, or El Valentine, a counselor and job coordinator, caused him harm. The core of his claim centers around his belief that he has suffered discrimination because he could no longer participate in educational programming following emergency hernia surgery performed in August of 2014, and as a result lost additional credits toward his release from incarceration.[1] His Motion requesting leave to proceed in forma pauperis (ECF 2) shall be granted.

The Complaint, filed on court-provided forms, is subject to preliminary review under 28 U.S.C. § 1915A. In a case such as this, where a prisoner is suing a governmental entity or

---

[1] Henning has attached administrative remedy procedure ("ARP") forms complaining of poor medical care to treat his hernia and Hepatitis C. To the extent he seeks relief based on an Eighth Amendment denial of medical care, Henning should file a separate civil rights complaint naming the medical care provider(s) allegedly responsible for such lack of care and detailing the lack of care and resulting injury. Forms are available from the Clerk.

employee, the Court must dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A (a) & (b) (1).

In order to show a civil rights violation with respect to educational or work opportunities available while incarcerated, Henning must demonstrate that the actions taken against him impacted on the exercise of a constitutionally protected right. Prisoners, however, do not have a constitutionally protected right to work while incarcerated, to remain in a particular job once assigned, or to access education or rehabilitative programs. *See Altizer v. Paderick*, 569 F. 2d 812, 812-13 (4th Cir. 1978); *Rizzo v. Dawson*, 778 F. 2d 527, 530-31 (9th Cir. 1985) (no right to vocational course of rehabilitation); *Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992); *see also Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (limits on work or education due to overcrowding do not constitute punishment); *Bowring v. Goodwin*, 551 F.2d 44, 48, n. 2 (4th Cir. 1977) (rehabilitation is a goal of incarceration, but is not constitutionally required). Removing a prisoner from an educational program simply does not rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).

To establish a prima facie case under Title II of the ADA, 42 U.S.C. § 12131 *et seq.*, Henning must show that: (1) he has a disability; (2) he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities for which he was otherwise qualified; and (3) the exclusion, denial of benefits, or discrimination was by reason of his disability. *Constantine v. Rectors and Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005); *Baird v. Rose,* 192 F.3d 462, 467 (4th Cir. 1999); *Doe v. University of Md. Medical Systems Corporation*, 50 F.3d 1261, 1264-65 (4th Cir. 1995). States are obligated to make "reasonable modifications" to enable the disabled person to receive the services or

2

participate in programs or activities. 28 C.F.R. § 35.130(b)(7). A reasonable modification does not require the public entity to employ any and all means to make services available to persons with disabilities. *Bircoll v. Miami-Dade County,* 480 F.3d 1072, 1082 (11th Cir. 2007). Rather, the public entity is obligated to make those modifications that do not "fundamentally alter the nature of the service or activity of the public entity or impose an undue burden." *Id.*

The named Defendants, employees of a public entity sued in their individual capacities, are not a "public entity." *See* 42 U.S.C. §12131(1)(A) – (C). Even if Henning had named the proper parties, his ADA claim fails. Having surgery to repair a hernia does not qualify an individual as "disabled" under the ADA. While Henning had to withdraw from his educational program while recovering from surgery, this setback is neither an exclusion from a benefit, nor is it discrimination. *See, e.g. Miller v. Hinton,* 288 Fed. Appx. 901, 903 (4th Cir. 2008) (prison's alleged denial of access to colostomy bags and catheters to prisoner, who was a paraplegic confined to a wheelchair who used such supplies for urinary bladder control, did not constitute disability discrimination in violation of ADA absent a showing that inmate was treated in that manner because of his disability); *Spencer v. Easter,* 109 Fed. Appx. 571, 573 (4th Cir. 2004) (failure to provide timely refills of prescription drugs did not amount to an ADA violation where there was no showing that it was done based on prisoner's disability); *Fitzgerald v. Corrections Corp. of Am.,* 403 F.3d 1134, 1144 (10th Cir. 2005) (inmate's claims under ADA were properly dismissed for failure to state claim as they were based on medical treatment decisions); *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir. 1996) (holding that the ADA is not "violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; Bryant was not treated worse because he was disabled.").

3

Consequently, this case will be dismissed.  The claims concerning a lack of medical care with regard to hernia surgery and treatment for Hepatitis C are dismissed without prejudice so that Henning may properly present them in a separate lawsuit.  The remaining claims are dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). *See McLean v. United States,* 566 F.3d 391, 396 (4th Cir. 2009) (holding dismissal for failure to state a claim is presumed to be both a judgment on the merits and, unless otherwise specified, to be rendered with prejudice) (citations omitted).

The Prisoner Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because Henning's medical claims are dismissed without prejudice subject to refiling, the Court will not assess him a "first strike" under the PLRA.  He is now on notice as to the consequences of filing frivolous claims in this Court, and forewarned that after three such dismissals, he will no longer be permitted to file a civil suit without prepaying court fees unless he alleges facts indicating he is in imminent danger of physical harm. 28 U.S.C. § 1915(g); *see also McLean,* 566 F.3d at 393–94.  A separate Order shall be entered in accordance with this Memorandum Opinion.

10/8/2014

Date

George Jarród Hazel
United States District Judge